1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  LAUREL VILLAGE BAKERY, LLC,                No. C 06-1332 MJJ (MEJ)
11              Plaintiff(s),
                                               **ORDER DENYING DEFENDANTS'**
        vs.                                    **MOTION FOR ATTORNEYS' FEES**
12
13  GLOBAL PAYMENTS DIRECT, INC.., et al.,
14              Defendant(s).
                                          /
15
16          Before the Court is defendants Global Payments Direct, Inc., HSBC Bank USA, N.A., and
17  Mercury Payment Systems, LLC (collectively, "Defendants") Motion for Attorneys' Fees and
18  Expenses.  Having read and considered the arguments presented by the parties in the papers
19  submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.  For
20  the following reasons, the Court DENIES Defendants' motion.
21                              **I.    BACKGROUND**
22          This case centers around a Card Services Agreement between plaintiff Laurel Village
23  Bakery, LLC ("Plaintiff") and Defendants wherein Defendants agreed to process Plaintiff's debit and
24  credit card transactions in exchange for certain fees.  As part of this agreement, the parties agreed
25  that any disputes that they might have over their business arrangement would be handled in the
26  courts of DeKalb County, Georgia, and that Plaintiff would pay Defendants' legal fees if the latter
27  had to enforce their rights under the contract.  (Hirsch Decl. Ex. G, ¶ 17.)
28          On February 22, 2006, Plaintiff filed this action, alleging that Defendants charged Plaintiff

United States District Court

For the Northern District of California

1   and other putative class members fees that exceeded those disclosed in the Card Services

2   Agreement.  In response, Defendants filed a Motion to Dismiss for Improper Venue (Doc. #7),

3   which the District Court granted on September 25, 2006 (Doc. #27).  In its order, the Court enforced

4   the forum selection clause in Paragraph 17 of the parties' agreement and found that venue was

5   improper in this district because Plaintiff's suit properly belonged in the courts of DeKalb County,

6   Georgia.  *Id.* at 9.

7        On October 11, 2006, Defendants filed the present motion for attorneys' fees and costs.

8   (Doc. #29), as well as the Declaration of Steven A. Hirsch in Support thereof (Doc. #30).  Plaintiff

9   filed an Opposition on October 31(Doc. #32), and Defendants filed a Reply on November 7, 2006

10  (Doc. #33).  On November 9, the Honorable Martin J. Jenkins referred Defendants' motion to a

11  magistrate judge for disposition.

## II.   DISCUSSION

13       Defendants move the Court for an award of attorneys' fees and expenses in the amount of

14  $117,142.00 under Federal Rule of Civil Procedure 54(d)(2).  Defendants argue that, just as the

15  Court enforced their right to litigate this action in the contractually agreed-upon forum, it should

16  now award the contractually agreed-upon fees and costs they incurred in enforcing their rights under

17  the parties' agreement.  Defendants contend that they are the prevailing parties in this action, arguing

18  that it has come to a definitive end based on the Court's ruling.

19       In response, Plaintiff argues that the unilateral nature of the attorneys' fees clause violates a

20  fundamental public policy of California, as articulated by California Civil Code section 1717.

21  Plaintiff contends that this violation means that California law governs the entitlement to attorneys'

22  fees, despite the Georgia choice-of-law provision in the parties' contract, and that Defendants are not

23  the "prevailing parties" under California law, which is a prerequisite to any contractual award of

24  attorneys' fees.  In the alternative, Plaintiff argues that, even under Georgia law, the posture of this

25  dispute does not allow for the award of attorneys' fees.

**A.**     **Legal Standard**

27       State law controls the determination of the right to attorneys' fees and the method for

28

2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  calculating attorneys' fees in cases involving diversity jurisdiction. *Mangold v. California Pub. Util.*

2  *Comm.*, 67 F.3d 1470, 1478 (9th Cir. 1995). "[I]n an action involving state law claims, [federal

3  courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees,

4  unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc. v. AT&T*

5  *Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). Under California law, California state courts analyzing

6  contractual choice-of-law provisions "apply the principles set forth in Restatement [Second of

7  Conflict of Laws] section 187, which reflects a strong policy favoring enforcement of such

8  provisions." *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005) (internal quotations

9  omitted). Specifically, section 187 provides that:

10         (1) The law of the state chosen by the parties to govern their
       contractual rights and duties will be applied if the particular issue is
11     one which the parties could have resolved by an explicit provision in
       their agreement directed to that issue.
12         (2) The law of the state chosen by the parties to govern their
       contractual rights and duties will be applied, even if the particular
13     issue is one which the parties could not have resolved by an explicit
       provision in their agreement directed to that issue, unless either
14         (a) the chosen state has no substantial relationship to
       the parties or the transaction and there is no other reasonable basis for
15     the parties' choice, or
           (b) application of the law of the chosen state would be
16     contrary to a fundamental policy of a state which has materially
       greater interest than the chosen state in the determination of the
17     particular issue and which, under the rule of § 188, would be the state
       of the applicable law in the absence of an effective choice of law by
18     the parties.
           (3) In the absence of a contrary indication of intention, the
19     reference is to the local law of the state of the chosen law.

20  Restatement (Second) of Conflicts of Law § 187 (1971). Thus, a prevailing party is identified with

21  reference to the law of the state that governs the contract providing for an award of attorneys' fees.

22  *See, e.g.*, *Trustees of the Cent. States, Southeast & Southwest Areas Pension Fund v. Golden Nugget,*

23  *Inc.*, 697 F. Supp. 1538, 1553-54 (C.D. Cal. 1988).

24  **B.     Application to the Case at Bar**

25         Here, the parties' Card Services Agreement explicitly provides that Plaintiff agreed to

26  reimburse Defendants for reasonable attorneys' fees and expenses with respect to any litigation

27  arising out of or relating to the agreement, and that any actions arising out of the agreement be

28

1  brought in the courts of DeKalb County, Georgia.  (Hirsh Decl. Ex. G, ¶ 17.)  Despite this explicit

2  agreement, Plaintiff argues that Georgia law on attorney fee entitlement conflicts with California

3  law.  Specifically, the attorneys' fees provision in the parties' agreement allows Defendants to

4  recover costs and attorneys's fees from Plaintiff, but does not allow Plaintiff to recover costs or fees

5  from Defendants.

6          While this unilateral fee agreement is enforceable under Georgia law, *O'Brien's Irish Pub,*

7  *Inc. v. Gerlew Holdings, Inc.*, 175 Ga. App. 162 (1985), Plaintiff contends that it is not enforceable

8  under California Civil Code section 1717 ("Section 1717"), which transforms a nonmutual fee clause

9  into a mutual one.  Cal. Civ. Code § 1717.  However, Section 1717 "enable[s] consumers and other

10  who may be in a disadvantageous contractual bargaining position to protect their rights through the

11  judicial process by permitting recovery of attorney's fees incurred in litigation in the event they

12  prevail."  *Milman v. Shukhat*, 22 Cal. App. 4th 538, 543 (1994) (internal quotations omitted).  Thus,

13  Section 1717 does not apply here because, even if it transformed the clause into a mutual one, there

14  is no rational view of the law that could transform Plaintiff into the prevailing party here, where the

15  Court dismissed its claims for improper venue.  Accordingly, the Court must apply Georgia law to

16  Defendants' request.

17          Having determined that Georgia law applies, the Court must next determine whether

18  Defendants were the prevailing parties.  Under Georgia law, in an action on a contract, a "prevailing

19  party with regard to an attorney fees claim" is the party that "has obtained relief."  *Magnetic*

20  *Resonance Plus, Inc. v. Imaging Sys. Int'l*, 273 Ga. 525, 528 (2001).  The necessary relief can be

21  "some but less than all of the relief sought" and "need not be monetary damages."  *Id.*  In applying

22  this standard, Georgia courts refer to the test that the United States Supreme Court uses to determine

23  whether a plaintiff is a prevailing party in an action brought under 42 U.S.C. § 1983.  *Id.*  Under this

24  standard, a moving party prevails "when actual relief on the merits materially alters the legal

25  relationship between the parties by modifying the [other party's] behavior in any way that directly

26  benefits the [moving party]."  *Id.* (citations omitted).

27          Here, Defendants argue that they prevailed in this action because the Court's order

28                                                                4

1   dismissing the case requires Plaintiff to modify its behavior - by forcing it to stop litigating its

2   claims in this district and to file suit in DeKalb County, Georgia.  The Court, however, questions this

3   argument because it seems to ignore whether Defendants obtained "relief on the merits" of Plaintiff's

4   claims.  The Court's conclusion that proper venue was lacking expressly precluded the Court from

5   making any findings with respect to the merits of the underlying action.  Further, the Court's

6   dismissal for improper venue did not foreclose the possibility that Plaintiff could pursue its claims in

7   DeKalb County, Georgia.  Thus, it remains to be seen which entity is the prevailing party on

8   Plaintiff's action.  *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005).

### III.   CONCLUSION

10        Based on this analysis, the Court DENIES Defendants' motion for attorneys' fees without

11   prejudice to seeking such fees in the DeKalb County, Georgia action.

12        **IT IS SO ORDERED.**

13

14   Dated: December 4, 2006                    _____

15                                              MARIA-ELENA JAMES
                                                United States Magistrate Judge

16

*United States District Court*
For the Northern District of California

5