IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL VILLAGE BAKERY, LLC, | No. C06-1332 MJJ |
| Plaintiffs, | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ATTORNEYS FEES ORDER** |
| v. | |
| GLOBAL PAYMENTS DIRECT, INC., et al., Defendants. | |

## INTRODUCTION

Before the Court are Defendants' Objections To Magistrate Judge's Order Denying Their Motion For Attorneys' Fees (Docket No. 37). For the following reasons, the Court **OVERRULES** Defendants' objections.

## FACTUAL BACKGROUND

Defendants seek an award of attorneys' fees pursuant to a contractual agreement ("Agreement") between Defendants and Laurel Village Bakery, LLC ("Plaintiff"). Defendants seek to recover attorneys' fees incurred in defending against the putative class action that Plaintiff filed in this Court on February 22, 2006.

This Court previously granted Defendants' motion to dismiss based upon improper venue, after finding that the forum selection clause in the Agreement, which identified Dekalb, Georgia as the forum for resolution of disputes, must be enforced.

After the Court granted Defendants' motion to dismiss, Defendants moved for an award of

attorneys' fees pursuant to the attorneys' fees clause in the Agreement language of the Provision in the parties' Agreement which provided that:

> Should it be necessary for Global or Member [HSBC] to. . . enforce any of its rights under this Agreement in any. . . legal action, [Laurel agrees to reimburse Global, and/or [HSBC] as applicable, for the costs and expenses, including reasonable attorney's fees, as a result of such. . . legal action.

(Docket No. 30, Exh. G, ¶ 17.)

This Court referred the attorneys' fees motion to Magistrate Judge Maria-Elena James for resolution. In an order dated December 4, 2006, the Magistrate found that California Civil Code Section 1717 did not apply here, and instead applied Georgia law pursuant to the choice of law provision in the Agreement. (Docket No. 36 at 4:6-16.) The Magistrate found that under Georgia law, Defendants must be a "prevailing party" in an action on a contract in order to recover attorneys' fees, and that even though Defendants successfully moved to dismiss Plaintiff's claims for improper venue, Defendants did not obtain "relief on the merits" of Plaintiff's claims and therefore were not a "prevailing party." (*Id.* at 4:17-5:8.) On that basis, the Magistrate denied any award of attorneys' fees.

In their Objections, brought under Federal Rule of Civil Procedure 72(a), Defendants contend that the attorneys' fees clause in the Agreement does not require that Defendants be a "prevailing party" or that they prevail on the merits of Plaintiff's claims to recover attorneys' fees.[1] Defendants therefore contend that the Magistrate, although correctly ascertaining that Georgia law applied, did not correctly apply Georgia law to the specific contractual terms at issue here. Plaintiffs, in response to the Objections, contend that the Magistrate's ruling should be upheld, either on the grounds stated in the Magistrate's ruling, or in the alternative, because California conflict of law rules dictate that California Civil Code Section 1717 apply here to restrict any attorneys' fees award to a "prevailing party", a standard that Defendants cannot meet.

---

[1] The Court originally denied Defendants' objections as untimely. (Docket No. 39.) Upon further motion, the Court amended its order, found the objections timely, and ordered Plaintiffs to respond to the objections. (Docket No. 41.) Having reviewed Defendants' objections, Plaintiff's response, and the parties' original briefing on the motion for attorneys' fees, the Court finds resolution of Defendants' objections appropriate on the written record without a hearing.

2

## STANDARD OF REVIEW

When a timely objection is made to a Magistrate's order, this Court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See* Fed. R. Civ. Proc. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "[A] magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316 at *2 (C.D. Cal. Dec. 16, 2002); *see also Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## ANALYSIS

The Agreement contains a non-mutual attorneys fee provision, under which Defendants are entitled to attorneys' fees if Defendants "enforce any of [their] rights" under the Agreement in any legal action. The Magistrate found that choice of law principles permitted Georgia law to govern application of the attorneys fee clause in the Agreement, but that Georgia law required Defendants to be "prevailing parties" to recover fees, and that Defendants did not qualify as "prevailing parties" because they had not obtained any relief in connection with the merits of Plaintiff's contract claims. The Court sees no basis to disturb the Magistrate's finding that, if Georgia law requires Defendants to be "prevailing parties", they fail to meet that standard and therefore do not qualify for a fee award under Georgia law.

Defendants contend, however, that the Magistrate erred and improperly "rewrote" the Agreement because the actual fees provision, rather than requiring a "prevailing party" for purposes of fees, sets a lower standard by permitting fees if Defendants merely "enforce any of [their] rights" under the Agreement. At first glance, this argument has some traction, given that the sole Georgia authority relied upon by the Magistrate involved an attorneys' fees provision that specifically referenced a "prevailing party" standard, rather than the apparently more relaxed standard set forth in the Agreement before this Court. *See Magnetic Resonance Plus, Inc. v. Imaging Systems Intern*. 543 S.E.2d 32, 33 (Ga. 2001) (contract at issue permitted reasonable attorneys' fees for "the prevailing party in such proceeding").

3

United States District Court
For the Northern District of California

1  Nonetheless, Defendants' identification of this potential error in the Magistrate's ruling
2 ultimately fails to secure them the fees that they seek. Even if correct that the Magistrate misapplied
3 Georgia law, conflicts of laws principles would prevent Defendants from recovering fees under these
4 circumstances. In particular, to the extent Defendants are correct that Georgia law would permit a
5 recovery of fees under a contractually-set standard that is lower than the "prevailing party" standard,
6 the Court finds that conflicts of laws principles require that California law govern the fees question.
7 Under California law, no fee award is appropriate.

8  "[I]n an action involving state law claims, [federal courts] apply the law of the forum state to
9 determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute
10 or procedural rule." *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1282
11 (9th Cir. 1999). Under California law, contractual choice of law provisions are upheld unless the
12 transaction falls under either of the exceptions contained in the Restatement (Second) of Conflict of
13 Laws § 187(2). *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 464-65 (1992); *ABF*
14 *Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005). Here, the relevant exception that the
15 Court must consider is whether "application of the law of the chosen state would be contrary to a
16 fundamental policy of a state which has a materially greater interest than the chosen state in the
17 determination of the particular issue and which, under the rule of § 188, would be the state of the
18 applicable law in the absence of an effective choice of law by the parties." Restatement (Second)
19 Conflicts of Laws § 187(2).

20  Here, to the extent Defendants are correct that Georgia would permit them to recover fees on
21 a standard less stringent than the "prevailing party" standard, Georgia law is contrary to a
22 fundamental California public policy. Non-mutual attorneys fee agreements are enforceable under
23 Georgia law. *See O'Brien's Irish Pub, Inc. v. Gerlew Holdings, Inc.*, 332 S.E.2d 920, 923 (Ga. App.
24 1985); *see also Layfield v. Southeastern Const. Coordinators, Inc.*, 492 S.E.2d 921, 922 (Ga. App.
25 1997). In contrast, under California law, non-mutual attorneys fee provisions are subject California
26 Civil Code Section 1717. Section 1717 not only transforms nonmutual fee provisions into mutual
27 ones, but defines a "prevailing party" standard for the award of fees, a statutory definition that "is
28 mandatory and cannot be avoided or altered by contract; contractual provisions conflicting with it are

4

void." *Wong v. Thrifty Corp.*, 97 Cal. App. 4th 261, 264 (2002); *see also Exxess Electronixx v. Heger Realty Corp.*, 64 Cal.App.4th 698, 707 (1998); *Santisas v. Goodin*, 17 Cal. 4th 599, 615-17 (1998). It is well-established that Section 1717 reflects a fundamental California public policy. *See Ribbens Int'l, S.A. v. Transport Int'l Pool, Inc.*, 47 F. Supp. 2d 1117, 1122 (C.D. Cal. 1999); *ABF Capital Corp. v. Grove Properties Co.*, 126 Cal. App. 4th 204, 217 (2005).

The Court also finds that California has a materially greater interest than the chosen state, Georgia, in the determination of the particular issue. *See* Restatement (Second) Conflicts of Laws § 187(2). The Agreement at issue was primarily formed and primarily performed in California. Plaintiff is a California corporation. Aside from the fact that some Defendants are based in Georgia, that state has no particularized interest in the subject agreements, the underlying transactions, or whether Plaintiff is obligated to pay attorneys' fees in this action. In contrast, California "maintains a weighty and substantial interest in regulating commercial transactions that take place within its borders." *Ribbens*, 47 F. Supp. 2d at 1123. Moreover, "[t]he interest of California in seeing its residents receive fair play with respect to attorneys' fees, when resort is made to the California courts, is a fundamental equitable policy of this state. Because resort is made to the California courts, and implicates the equitable treatment of California citizens, California has a great material interest in the attorneys' fees issue-fees which are attributable to litigation in California." *ABF Capital*, 126 Cal. App. 4th at 220.

Accordingly, the Court finds that, to the extent Defendants are correct that the Magistrate misapplied Georgia law, this Court is required under the principles in the Restatement to apply California law, rather than Georgia law, to the attorneys' fees clause in the Agreement. The application of California law is fatal to Defendants' request for fees. Under California Civil Code Section 1717, Defendants do not constitute a "prevailing party" entitled to fees because no decision has been reached on the merits of Plaintiff's contract claims. *See Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) ("[t]he prevailing party determination is to be made only upon final resolution of the contract claims"); *Idea Place Corp. v. Fried*, 390 F. Supp. 903, 905 (N.D. Cal. 2005) ("[T]his Court's dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that Plaintiff could pursue its contract claims in state court. Thus, it remains to be seen which entity is the

1  'prevailing party' on Plaintiff's contract action.").

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendants' objections.

**IT IS SO ORDERED.**

Dated: December 14, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California